# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOEL MEANS, # N-23056,           )
                                 )
            Plaintiff,           )
                                 )
     vs.                         )     Case No. 18-cv-587-JPG
                                 )
SAIRWAR,                         )
                                 )
            Defendant.           )

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff is currently confined at the Chester Mental Health Center. He has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, naming Dr. Sairwar as the only Defendant. (Doc. 1, p. 1). The Complaint is largely unintelligible. To the extent it can be understood, it appears that Plaintiff is complaining about Dr. Sairwar's failure to diagnose and/or treat Plaintiff's stomach problem. (Doc. 1, p. 3).

The Complaint is now before the Court for a preliminary merits review. Plaintiff has also applied for leave to proceed *in forma pauperis* ("IFP"). (Doc. 3).

## The Complaint

The Court can only decipher a portion of Plaintiff's allegations. Interspersed among a number of incomprehensible statements, Plaintiff indicates that Dr. Sairwar at some point sent him to an outside hospital. (Doc. 1, p. 2). The doctor laughed and called Plaintiff a nigger. *Id.* Sairwar claimed that Plaintiff's medical results came back normal, but Plaintiff is still sick. (Doc. 1, p. 3). Plaintiff thinks the doctor tries to kill patients. "They cannot explain why [Plaintiff's] stomach [is] mess[ed] up." *Id.* The doctor and nurse are not doing their job. The

1

federal court or FBI should order an investigation. (Doc. 1, p. 3).

The Complaint does not clearly state what relief Plaintiff seeks, but he says, "the doctor half kill me[.]" (Doc. 1, p. 4).

**Discussion**

As the Court previously noted in the order reviewing Plaintiff's Complaint in another action he filed in this district, *Means v. Haper*, Case No. 18-cv-590-DRH (Doc. 8 in that case), Plaintiff's current confinement status at Chester is unclear.[1] A "prisoner" is defined in 28 U.S.C. § 1915(h) and § 1915A(c) as follows:

> As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.

A complaint filed by a plaintiff who is a "prisoner" under this definition is subject to screening under 28 U.S.C. § 1915A, which directs the Court to dismiss the complaint, or any portion of it, if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant. 28 U.S.C. § 1915A(b). Further, a prisoner-plaintiff is subject to the restriction set forth in 28 U.S.C. § 1915(g), which states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In the past, Plaintiff has been a prisoner at the Cook County Jail and in the Illinois Department of Corrections, as shown in his extensive litigation history in the Northern District of

---

[1] The Northern District noted in a recent order that, according to an online database (Vinelink.com), it appears that Plaintiff's criminal sentence has expired. *Means v. Driver*, Case No. 18-C-1978 (N.D. Ill. April 19, 2018) (Doc. 4, p. 2 in that case).

Illinois.[2] In 1997, the Northern District informed Plaintiff that he had accumulated 3 "strikes" within the meaning of § 1915(g), and thus was ineligible to proceed IFP as a prisoner unless he could show he was in imminent danger. *See Means v. Dept. Corration* [sic], Case No. 97-cv-8057 (N.D. Ill. Nov. 25, 1997, Doc. 3).[3] Accordingly, if Plaintiff is currently a "prisoner" as defined in § 1915A(c), his motion to proceed IFP will not be granted unless he shows that he is in imminent danger of serious physical injury. The current Complaint does not meet this requirement.

Alternatively, a complaint from a non-prisoner (such as a civil detainee) who seeks leave to proceed IFP must survive a merits screening under 28 U.S.C. § 1915(e)(2). This section (like § 1915A) directs the dismissal of the case if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Under either § 1915A or § 1915(e)(2), Plaintiff's Complaint fails to state a claim upon which relief may be granted. An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

---

[2] *See, e.g.*, *Means v. Cook Cnty. Jail*, Case No. 16-C-7125 (N.D. Ill., dismissed as frivolous on July 15, 2016); *Means v. Cook Cnty. Jail*, Case No. 14-C-1012 (N.D. Ill., dismissed as frivolous on Feb. 14, 2014).

[3] Subsequent to Plaintiff's filing of the instant action, the Northern District entered an order restricting him from filing future civil actions in that court, noting the fact that Plaintiff has filed 42 *pro se* cases in the Northern District, 21 of which were filed in the most recent 2 years. *In re: Joel Means*, Case No. 18-C-2462 (N.D. Ill. April 11, 2018). *See also Means v. Driver*, Case No. 18-C-1978 (N.D. Ill. April 19, 2018) (Doc. 4, dismissing case as frivolous and noting Plaintiff's "long series of incomprehensible complaints" which have been dismissed as frivolous between February 2014 and December 2017).

556 U.S. 662, 678 (2009). Plaintiff's Complaint is inadequate, because it is impossible to discern a factual basis to support what appears to be a claim for deliberate indifference to serious medical needs.

Because Plaintiff has failed to state a coherent claim, his Complaint (Doc. 1) shall be dismissed without prejudice. Plaintiff shall be granted an opportunity to file an amended complaint to correct the deficiencies in his pleading, if he wishes to proceed with this case.

At this time, the Court shall defer a ruling on the motion for leave to proceed IFP (Doc. 3), pending the filing of an amended complaint.

### Disposition

The Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his First Amended Complaint within 28 days of the entry of this order (on or before **May 25, 2018**). It is strongly recommended that Plaintiff use the form designed for use in this District for civil rights actions. He should label the pleading "First Amended Complaint" and include Case Number 18-cv-587-JPG in the caption.

In the amended complaint, Plaintiff shall specify, *by name*,[4] each Defendant alleged to be liable, as well as the actions alleged to have been taken by that Defendant. Plaintiff should state facts to describe what each named Defendant did (or failed to do), that violated his constitutional rights. New individual Defendants may be added if they were personally involved in the constitutional violations. Plaintiff should attempt to include the facts of his case in chronological

---

[4] Plaintiff may designate an unknown Defendant as John or Jane Doe, but should include descriptive information (such as job title, shift worked, or location) to assist in the person's eventual identification.

order, inserting Defendants' names where necessary to identify the actors and the dates of any material acts or omissions.

An amended complaint supersedes and replaces the original Complaint, rendering the original Complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must contain all the relevant allegations in support of Plaintiff's claims and must stand on its own, without reference to any other pleading.

If Plaintiff fails to file an amended complaint within the allotted time or consistent with the instructions set forth in this Order, the action shall be dismissed with prejudice for failure to comply with an order of the Court and/or for failure to prosecute. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).

No service shall be ordered on any Defendant until after the Court completes its merits review (under § 1915A or § 1915(e)(2)) of the First Amended Complaint.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $400.00 remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will

cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**

**DATED: April 27, 2018**

s/J. Phil Gilbert  
United States District Judge