IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOEL MEANS, # N-23056, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 18-cv-587-JPG |
| SAIRWAR, | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for case management. Plaintiff filed this action in the Northern District of Illinois on March 13, 2018, and it was transferred to this Court on March 16, 2018. The Complaint was largely unintelligible, but appeared to take issue with Dr. Sairwar's failure to treat Plaintiff's stomach problem. (Doc. 1). On April 27, 2018, this Court entered an order dismissing the Complaint pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted (Doc. 11). Plaintiff was given until May 25, 2018, to file an amended complaint if he wished to further pursue his claim, and the Clerk mailed him a blank complaint form for his use in preparing his amended pleading. Plaintiff was warned that if he failed to submit an amended complaint, this case would be dismissed with prejudice.

Plaintiff's May 25, 2018, deadline has come and gone, and Plaintiff has failed to respond in any way. This action is therefore subject to dismissal for failure to prosecute.

**IT IS HEREBY ORDERED** that this action is **DISMISSED with prejudice** for failure to prosecute. FED. R. CIV. P. 41(b); *see generally James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005); *Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Lucien v. Breweur*, 9

F.3d 26, 29 (7th Cir. 1993) (dismissal for failure to prosecute is presumptively with prejudice).

The Clerk is **DIRECTED** to **CLOSE THIS CASE** and enter judgment accordingly.

If it is determined that Plaintiff was a "prisoner" within the meaning of 28 U.S.C. § 1915(h) and § 1915A(c)[1] at the time he filed this action, then the dismissal of this case shall count as a "strike" under the provisions of 28 U.S.C. § 1915(g).[2] However, as noted in the order at Doc. 11, based on the limited information presented in the pleading, the Court was unable to ascertain whether or not Plaintiff was in custody as a "prisoner" as defined in the above statutes.

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee for this action remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another

---

[1] As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program. 28 U.S.C. § 1915(h) and § 1915A(c).

[2] During his imprisonment, Plaintiff has already incurred 3 "strikes" within the meaning of 28 U.S.C. § 1915(g). *See Means v. Dept. Corration* [sic], Case No. 97-cv-8057 (N.D. Ill. Nov. 25, 1997, Doc. 3). He is also under a filing restriction in the Northern District of Illinois. *In re: Joel Means*, Case No. 18-C-2462 (N.D. Ill. April 11, 2018). *See also Means v. Driver*, Case No. 18-C-1978 (N.D. Ill. April 19, 2018) (Doc. 4, dismissing case as frivolous and noting Plaintiff's "long series of incomprehensible complaints" which have been dismissed as frivolous between February 2014 and December 2017).

"strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

**DATED: June 25, 2018**

s/J. Phil Gilbert
United States District Judge